# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**WALKER TIMOTHY SCHOONOVER,**

      **Petitioner,**

v.                                    **No. 11-cv-1076 JB/SMV**

**JOSEPH J. GARCIA, et al.,**

      **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 2] as amended by [Doc. 8] (collectively, "Petition").  Respondents filed their Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 11] ("Answer") on February 6, 2012.  The matter was referred to the undersigned by the Honorable James O. Browning, United States District Judge, to recommend an ultimate disposition of the case.  Order of Reference . . . [Doc. 10].  Petitioner raises three claims in his Petition.  Respondents argue that the first two claims are unexhausted.  I agree.  Respondents stipulate that the third claim is exhausted.  I disagree and find that it also is unexhausted.  I recommend, therefore, that the Petition be dismissed without prejudice.

## I.  BACKGROUND

This matter arises from a fatal automobile crash that occurred on May 1, 2008.  *See* Docketing Statement [Doc. 11-1] at 50–52.  Three vehicles were involved in the crash. Petitioner was the driver of one.  The driver of the second vehicle survived.  The driver of the third vehicle was killed, and her passenger seriously injured.  *Id.*  On October 16, 2008, a Grand

Jury of the Second Judicial District, State of New Mexico, indicted Petitioner on two counts: Vehicular Homicide (Reckless), and Great Bodily Injury by Vehicle (Reckless).  *See* State's Response to Defendant's Motion to Withdraw Plea of "No Contest" and Set for Jury Trial [Doc. 11-1] at 20.  The driver of the second vehicle was never criminally charged.  Docketing Statement [Doc. 11-1] at 54.

On January 7, 2010, Petitioner entered a plea of "no contest" to both charges.  Plea and Disposition Agreement [Doc. 11-1] at 13–16.  Sentencing was set for April 6, 2010.  *See* State's Response to Defendant's Motion to Withdraw Plea of "No Contest" and Set for Jury Trial [Doc. 11-1] at 20.  That hearing was continued to June 4, 2010.  *Id.* at 20–21.  In the meantime, a local television station reported (incorrectly) that Petitioner had been found guilty of driving while intoxicated.  *Id.* at 21.  Petitioner moved to withdraw his plea and proceed to trial.  *Id.* Over the State's objections, the trial court granted the motion and set the case for trial.  *See* Form on Scheduled Motions (Motion to Withdraw Plea) [Doc. 11-1] at 37.

Prior to trial, the State identified two investigating officers, Deputy Garcia and Deputy Armijo, as witnesses.  Docketing Statement [Doc. 11-1] at 54.  Garcia was identified as an expert in accident reconstruction.  *Id.*  Armijo was identified as a fact witness.  *Id.*  Both witnesses were interviewed (presumably by the prosecutor) prior to trial.  *See* Defendant/Appellant's Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend the Docketing Statement [Doc. 11-2] ("Motion to Amend Docketing Statement" or "Motion to Amend") at 10.  Petitioner's trial counsel did not attend those interviews, although she received an audio recording of the interviews.  *See id.* at 10–11.

2

At trial, the State was unsuccessful in qualifying Garcia as an expert. Docketing Statement [Doc. 11-1] at 54. Then, over Petitioner's objections, the State successfully qualified Armijo as an expert. *Id.* at 54–55. He was allowed to offer expert opinions regarding the cause of the accident. *Id.* He based those opinions, in part, upon documents prepared by Garcia. *Id.* Petitioner's counsel did not call an expert to rebut Armijo's testimony. Motion to Amend Docketing Statement [Doc. 11-2] at 10.

As mentioned, the driver of the second vehicle was not criminally charged. Docketing Statement [Doc. 11-1] at 54. Apparently, however, the estate of the deceased driver made a claim under the second driver's insurance policy. *See id.* The carrier (Allstate) paid policy limits to settle the claim ("the civil settlement"). *See* Docketing Statement [Doc. 11-1] at 54. Petitioner sought to introduce evidence of that settlement at trial to establish that he was not solely responsible for the accident. *See id.* The State filed a motion in limine which the trial court granted. *See* Memorandum Opinion [Doc. 11-2] at 28. Thus, evidence of the civil settlement was excluded at trial. *See id.* Ultimately, Petitioner was convicted of homicide by vehicle and great bodily injury by vehicle. *See id.* at 25.

Petitioner, through his trial counsel, filed a timely notice of appeal and Docketing Statement in the Court of Appeals of the State of New Mexico. Docketing Statement [Doc. 11-1] at 49–60. The Docketing Statement raised three issues on appeal, only one of which is pertinent here:

> **Issue One: Did the trial court error [sic.] in qualifying Deputy Armijo as an expert witness?**
> The Defendant objected at trial to Deputy Armijo being qualified as an expert witness on the basis that he was not disclosed as an expert prior to trial, the Defendant's due process rights were

violated and in fact Deputy Garcia was the expert disclosed by the state.

[Doc. 11-1] at 56.  Under "Authorities as to Issue One," Petitioner's counsel listed, "Fourteenth Amendment, United States Constitution."  *Id.* at 58.  This claim is different from those that the Petitioner now raises in his federal habeas action, which will be addressed *infra*.

The state Court of Appeals proposed summary affirmance.  Notice [of] Proposed Summary Disposition [Doc. 11-1] at 61–65.  In response, Petitioner—then represented by court-appointed appellate counsel—opposed summary affirmance and sought to amend his Docketing Statement. Motion to Amend [Doc. 11-2] at 1–24.  In his Motion to Amend, Petitioner revised and expanded his appellate argument regarding the trial court's having allowed Deputy Armijo to testify as an expert.  *Id.* at 7–11.  Whereas the Docketing Statement merely challenged the decision on the ground that Armijo had not been disclosed as an expert prior to trial, the Motion to Amend divided the issue into two sub-issues:  First, that Armijo should not have been allowed to give expert testimony because he was not properly qualified as an expert; second, that he was not disclosed as an expert prior to trial.  *Compare* Docketing Statement [Doc. 11-1] at 56, *with* Motion to Amend [Doc. 11-2] at 7–10.  Significantly, Petitioner's 14th-Amendment due-process argument went only to the second sub-issue (witness not timely identified), and not to the first (witness not properly qualified to testify as expert).  *See* Motion to Amend [Doc. 11-2] at 9.  Petitioner cited no federal authority in support of the first sub-issue. *See id.* at 7–8.

The Motion to Amend also sought to add two issues to the Docketing Statement, both of which are pertinent here.  First, Petitioner sought to add a claim that the trial court had erred when it excluded evidence of the civil settlement.  *Id.* at 16, 18.  Petitioner cited only state

evidentiary law in support of this claim.  *See id.*  Second, Petitioner sought to add a claim for ineffective assistance of counsel.  *Id.* at 16–23.  Appellate counsel cited to *Strickland v. Washington*, 466 U.S. 668 (1984), in support of that claim.  *Id.* at 21–22.

The state Court of Appeals issued a Memorandum Opinion on September 23, 2011. [Doc. 11-2] at 25–33.  The court (Vanzi, J.) affirmed the trial court's decision to allow Armijo to testify as an expert.  *Id.* at 31.  The decision was based solely upon state evidentiary law.  *Id.* at 30–31.  The court also affirmed the trial court's decision to exclude evidence of the civil settlement, again based solely upon state evidentiary law.  *Id.* at 28–29 (denying the Motion to Amend the Docketing Statement to include the argument because it was "not viable").  However, the court did not reach the merits of Petitioner's ineffective assistance of counsel argument.  In denying the Motion to Amend in that regard, Judge Vanzi stated:

> [A]s noted by Defendant, when an ineffective assistance of counsel claim is first raised on direct appeal, we evaluate the facts that are part of the record.  If facts necessary to a full determination are not part of the record, an ineffective assistance of counsel claim is more properly brought through a habeas corpus petition."  Although Defendant has not presented a prima facie claim for ineffective assistance of counsel, he may choose to pursue his claim through habeas corpus proceedings.

*Id.* at 29 (internal citations and quotation marks omitted).  For reasons that are not clear from the record, Petitioner never filed a state habeas action on this issue.[1]

Petitioner filed a Petition for Writ of Certiorari [in the Supreme Court of New Mexico] on October 19, 2011.  Petition for Writ of Certiorari [Doc. 11-2] at 34–48.  He sought to raise the same five issues raised in his Docketing Statement (and Motion to Amend) before the Court of

---

[1] Petitioner did file a state habeas action, but not on this issue.  *See* Petition for Writ of Habeas Corpus [Doc. 11-3] at 1–9, filed October 6, 2011.  That petition did not raise the issue of ineffective assistance of counsel. *Id.* It appears that the petition remains pending. *See* [Doc. 2] at 4–5.

Appeals. *Compare id.* at 35, *with* Motion to Amend [Doc. 11-2] at 7–18. Only three issues are pertinent here:

> I. Was [Petitioner] deprived of his right to receive effective assistance of counsel when his trial counsel failed to attend the State's expert's pretrial interview and failed to retain an expert to support [Petitioner's] theory of the case?
>
> .     .     .
>
> IV. Did the trial court err in excluding testimony regarding a civil settlement that attributed some liability to another driver?
>
> V. Did the trial court err in permitting an officer to testify as an expert [a] without being so disclosed or [b] properly qualified, and [c] in permitting him to use materials prepared by another officer during his testimony?

Petition for Writ of Certiorari [Doc. 11-2] at 35 (internal subheadings added for clarity). In his Petition for Certiorari, Petitioner relied upon federal law in support of Issue I (ineffective assistance of counsel), and Issue V(a) (expert not disclosed prior to trial). *Id.* at 40, 42. He neither relied upon nor cited to any federal law in support of Issue IV (evidence of civil settlement), Issue V(b) (expert not properly qualified), or Issue V(c) (allowing expert to base his opinion on materials prepared by others). *See id.* at 34–48.

The Supreme Court of New Mexico denied the Petition for Certiorari on November 17, 2011. Order [Doc. 11-2] at 63. Petitioner filed his federal habeas petition on December 8, 2011. Petition [Doc. 2].

## II. ANALYSIS

### A. EXHAUSTION

A petitioner under 28 U.S.C. § 2254 must exhaust all available avenues of state-court review before a federal court may consider his claims on their merits. *See* 28 U.S.C.

§ 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763, (2011). The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); *see, e.g., Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Wilson v. Workman*, 577 F.3d 1284, 1294 (10th Cir. 2009).

In order to satisfy the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982). Courts hold that there is "fair presentation" of a prisoner's claim when the "substance of the claim" is raised before the state court through a complete direct appeal or in a complete round of post-conviction proceedings. *E.g., Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997).

### 1.  <u>All of Petitioner's Claims are Unexhausted.</u>

### a.  The trial court's decision to allow Deputy Armijo to testify as an expert.

In the Petition at bar, Petitioner's challenge to Deputy Armijo's testimony is based solely upon two grounds:  that Armijo was not qualified to give expert testimony, and that he was allowed to base his opinions upon materials prepared by Deputy Garcia. *See* Petition [Doc. 8] at 6.  At no point in the state court proceedings, either on direct appeal to the Court of Appeals or in his Petition in the Supreme Court of New Mexico, did Petitioner argue that these alleged errors violated federal law or his rights under the U.S. Constitution.  His arguments rested solely upon state evidentiary law.[2]  Alleged errors of state law cannot support a claim for federal habeas relief.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *see* 28 U.S.C. § 2254(d)(1) (authorizing the granting of the writ exclusively where the state prisoner's custody violates *federal* law).  I find, therefore, that this claim is unexhausted.

### b.  Evidence of the Civil Settlement

I find that this claim is unexhausted for same reasons discussed above.  Nowhere in his state court proceedings did Petitioner raise this issue as one of federal law.  His arguments were based entirely upon state evidentiary law.  *See* Motion to Amend Docketing Statement [Doc. 11-2] at 17; Petition for Writ of Certiorari [Doc. 11-2] at 46–47.  I find, therefore, that this claim is unexhausted as well.

---

[2] It is important to recall that in his Docketing Statement on direct appeal, Petitioner argued only that Deputy Armijo was not identified as an expert prior to trial. *See* Docketing Statement [Doc. 11-1] at 54–55, 56. In his Motion to Amend Docketing Statement, he raised two additional grounds against Deputy Armijo's testimony, first, that Armijo was not qualified as an expert, and second, that Armijo had been allowed to rely on Deputy Garcia's materials. *See* Motion To Amend [Doc. 11-2] at 7–8. These three arguments were then raised as Issue V in Petitioner's Petition for Writ of Certiorari. *See* [Doc. 11-2] at 35, 46–47. But in neither the Motion to Amend nor the Petition for Writ of Certiorari did Petitioner cite to any federal law in support of the latter two claims.

### c.  Ineffective Assistance of Counsel

I disagree with Respondents' contention that this claim is exhausted.  *See* Answer [Doc. 11] at 9–10.  It is true that Petitioner relied upon Supreme Court precedent, i.e., *Strickland*, in his direct appeal, Motion to Amend Docketing Statement [Doc. 11-2] at 21, and in his petition for a writ of certiorari, [Doc. 11-2] at 40.  Significantly, however, Petitioner first raised this issue in his Motion to Amend Docketing Statement, which was *denied*.  *See* Memorandum Opinion [Doc. 11-2] at 29–30.  The New Mexico Court of Appeals denied the Motion to Amend because Petitioner had not developed a record on his ineffective assistance of counsel claim.  *Id.*  Raising ineffective assistance of counsel claims on direct appeal where the trial court record is not adequately developed to consider such claims does not satisfy the "fair presentation" requirement for federal habeas purposes.  *See Ellison v. Rogers*, 484 F.3d 658, 660–61 (3d Cir. 2007) (finding ineffective-assistance-of-counsel claim unexhausted even though the claim was raised on direct appeal because no record was in state court); *accord Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (same); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that where a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered does not . . . constitute fair presentation" for purposes of the habeas exhaustion requirement) (internal citation and quotation marks omitted); *Picard v. Connor*, 404 U.S. 270, 277 (1971) ("fair presentation" requires that the state courts be afforded the "opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim").  Consequently, I find that Petitioner's attempt to present his ineffective assistance claims during his direct appeal when the record was insufficient to consider them did not satisfy the exhaustion requirement.

9

The Court could, of course, consider the exhaustion argument waived with respect to this claim. *See Gonzales v. McKune*, 279 F.3d 922, 926 & n.8 (10th Cir. 2002) (en banc) (finding express waiver where the State "admitted that petitioner [had] properly exhausted the issues now presented to this Court."). If the Court were to find the exhaustion requirement waived with respect to this claim, the Petition would be a "mixed" petition containing both exhausted and unexhausted claims. *See Rose*, 455 U.S. at 510 (utilizing the phrase "mixed petition"). When a court is presented with a "mixed petition," it may do one of four things:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

If I were to find that the Petition is mixed, I would nevertheless recommend that dismissal without prejudice is the option most appropriate. I believe a stay and abeyance would be inappropriate because that approach should only be available where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Nothing in the pleadings before the Court addresses what cause, if any, exists for the delay in bringing the unexhausted claims before the state courts.

The State may argue that the Court should allow Petitioner to withdraw the first two claims and proceed only on the ineffective assistance of counsel claim. I do not believe that would be fair to the Petitioner. Judge Vanzi was right: There is no record on Petitioner's

ineffective assistance of counsel claim. The court cannot find, for example, that counsel's failure to attend the interview of Deputy Armijo was per se ineffective, especially in view of the fact that counsel received an audio recording of the interview before trial. There is a strong presumption that counsel's actions were based on legitimate trial strategy. *See Strickland*, 466 U.S. at 689 (courts *presume* that a lawyer's actions are part of sound trial strategy). Counsel may have decided that, rather than trying to impeach Deputy Armijo's qualifications, it was better strategy to make what points she could with him at trial. Moreover, there is no evidence that counsel's attendance at the interview would have yielded any helpful information not contained in the audio recording. *See, e.g., Smallwood v. Gibson*, 191 F.3d 1257, 1280 n.14 ("pure speculation" cannot support habeas relief); *see also Foster v. Ward*, 182 F.3d 1177, 1185 (10th Cir. 1999) (concluding that defense counsel's failure to contact or investigate alibi witnesses was insufficient to establish prejudice).

Nor can the court simply infer that counsel's failure to retain an expert was per se ineffective representation. There is evidence in the record that at some point prior to trial "both parties were searching for experts in accident reconstruction." Motion to Amend [Doc. 11-2] at 20 (internal quotation marks omitted). It appears, therefore, that trial counsel recognized the possibility that an expert might be helpful. But there are many legitimate reasons why she might have decided not to call an expert at trial, not the least of which being that, despite her best efforts, she could not find one willing to testify. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) ("There is a strong presumption that counsel's performance falls within the wide range of professional assistance[.]") (internal quotation marks omitted); *see also Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008) ("And the speculative witness is often a two-edged sword. For

as easily as one can speculate about favorable testimony, one can also speculate about unfavorable testimony.")

Likewise, there is no evidence in the record that trial counsel's alleged failures resulted in any prejudice.  To prevail on his claim of ineffective assistance of counsel, Petitioner must show that, but for the alleged failures, he would not have been convicted.  *See Strickland*, 466 U.S. at 694 ("[petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").   Petitioner argues that his counsel should have called an expert, but he offers no evidence as to what that expert would have said, or how that testimony would have changed the outcome of the trial. *See Boyle,* 544 F.3d at 1138–39; *Wyatt v. Bruce*, No. 04-3066, 116 F. App'x 232, 235, 2004 WL 2603667, at *3 (10th Cir. Nov. 17, 2004) (unpublished) (counsel's failure to retain a medical doctor to review rape-kit nurse's testimony insufficient to establish prejudice where petitioner "failed to demonstrate how a medical doctor's testimony would have raised a reasonable probability that the outcome of the trial would have been different"); *Campbell v. Williams,* No. 02-2236, 66 F. App'x 170, 174, 2003 WL 21061359, at *2 (10th Cir. May 13, 2003) (unpublished) ("Mr. Campbell has not demonstrated the outcome of the trial would have been different had an expert been hired.").

Thus, based on a review of the record as it stands, Petitioner cannot establish either *Strickland* prong.  466 U.S. at 691–92 (requiring petitioner to show both that (1) his counsel's performance was objectively unreasonable and (2) but for such unreasonable performance, the outcome of the proceeding would have been different).  His only chance of prevailing on his ineffective assistance of counsel claim is to develop the record further.  That must be done in

state court.  The Court has no discretion to order an evidentiary hearing under the circumstances of this case.  Section 2254(e)(2) prohibits a federal court from conducting an evidentiary hearing on a claim where the petitioner has failed to develop the factual basis for it in state court.  *E.g., Boyle*, 544 F.3d at 1135.  Although being denied an evidentiary hearing in state court will not prohibit a petitioner from obtaining one in federal court, failing to seek an evidentiary hearing in state court will.  *Id.*  "Diligence [in developing the record] will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in federal court in the manner prescribed by state law."  *Id.* (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)).  Petitioner never filed a state habeas action, and thus never requested an evidentiary hearing on his ineffective assistance of counsel claim.  Section 2254(e)(2) therefore prohibits me from ordering one now.  That is why I recommend that the federal petition be dismissed without prejudice—whether the Court ultimately finds that the ineffective assistance claim is unexhausted or not—to allow Petitioner, if he wishes, to pursue this claim in a state habeas corpus proceeding.

Petitioner is hereby advised that, in the event this petition is dismissed, the federal habeas one-year limitations period would apply to all his claims, even ones raised in this petition.  *See Salazar v. Lemaster*, No. 04-2252, 130 F. App'x 208, 210, 2005 U.S. App. LEXIS 3619, at *5 (10th Cir. May 5, 2005) (unpublished).

## III. PROPOSED FINDINGS AND RECOMMENDATIONS

I find that Petitioner's claims—based on (1) the trial court's decisions to allow Deputy Armijo to testify as an expert and rely on Deputy Garcia's materials, (2) the trial court's exclusion of evidence of the civil settlement, and (3) ineffective assistance of counsel—are all unexhausted.  I recommend, therefore, that the petition be dismissed without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

STEPHAN M. VIDMAR
United States Magistrate Judge

14