IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALKER TIMOTHY SCHOONOVER,

    Petitioner,

vs.                                                              No. CIV 11-1076 JB/SMV

JOSEPH J. GARCIA, Warden, and
GARY K. KING,
Attorney General for the
State of New Mexico,

    Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 8, 2012 (Doc. 13) ("PF&RD"). The parties have been advised that appellate review of the Proposed Findings and Recommended Disposition is granted only if objections are filed within the designated time. Upon the Court's reference, the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed December 11, 2011 (Doc. 2), as amended by Doc. 8, filed January, 12, 2012, (collectively "Petition"), be dismissed without prejudice as unexhausted. See PF&RD at 1. On August 13, 2012, Respondents indicated that they agreed that Petitioner's claims were not exhausted and that the Petition should be dismissed without prejudice. See Respondents' Response to Report and Recommendation, filed August 13, 2012 (Doc. 15). Petitioner filed no

objections or other response to the PF&RD within the designated time period. Therefore, the Court will adopt the PF&RD and dismiss the Petition without prejudice.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(c)).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements,

and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).

In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S.Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts

-3-

concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(c)), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(c)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte

or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

## ANALYSIS

The Petitioner Walker Timothy Schoonover failed to respond to the respondents' Response to Report and Recommendations, the Magistrate Judge considered the response without his reply. The Magistrate Judge found that Schoonover has not exhausted his claims: "(i) [T]he trial court's decisions to allow Deputy Armijo testify as an expert and rely on Deputy Garcia's materials, (ii) the trial court's exclusion of evidence of the civil settlement, and (iii) innefective assitance of counsel -- are all unexhausted." PR&FD at 13. The Magistrate Judge, therefore, recommended that the petition be dismissed without prejudice to allow for exhaustion.

<u>See</u> PF&RD at 13. The Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts the Report and Recommendation.

**IT IS ORDERED** that: (i) The United States Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 8, 2012, (Doc. 13), is adopted; and (ii) Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed December 11, 2011 (Doc. 2), as amended by Doc. 8, filed January, 12, 2012, is denied as unexhausted, and the case is dismissed without prejudice.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Walker Timothy Schoonover
Central New Mexico Correctional Facility
Los Lunas, New Mexico

        *Petitioner pro se*

Margaret E. McLean
Office of the Attorney General of the State of New Mexico
Santa Fe, New Mexico

        *Attorney for Respondents*